FILED

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EMIL MERLIANA TJAUW; et al., | No. 07-72791 |
| Petitioners, | Agency Nos. A079-281-957 |
| | A079-281-958 |
| v. | A079-281-959 |
| | A079-281-960 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Emil Merliana Tjauw and her family, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims based on ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's finding that petitioners' experiences of harassment and discrimination, and physical attacks upon the oldest son on his way to and from school, did not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60. In addition, petitioners failed to demonstrate a well-founded fear of future persecution because, although they are members of a disfavored group, they did not demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Gonzales*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to demonstrate eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

We do not address petitioners' CAT claim because they did not specifically and distinctly challenge it in their opening brief. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to raise a claim results in waiver).

Finally, we agree with the BIA's conclusion that petitioners failed to establish former counsel's performance resulted in prejudice, and thus their claim of ineffective assistance of counsel fails. *See Mohammed*, 400 F.3d at 793-94 (to demonstrate prejudice, alien must establish that counsel's performance may have affected outcome of the proceedings).

**PETITION FOR REVIEW DENIED.**